UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GAIL E. JACKSON, | Case No.: C 05-3020 RMW (PVT) |
| Plaintiff, | **ORDER RE PARTIES' PROPOSED FORM OF PROTECTIVE ORDER** |
| v. | |
| LOCKHEED MARTIN SPACE SYSTEMS COMPANY, AKA LOCKHEED MARTIN SPACE SYSTEMS COMPANY – MISSILES & SPACE OPERATIONS, | |
| Defendant. | |

The parties have submitted a [Proposed] Stipulation Regarding Confidentiality and Protective Order.[1]  Based on the proposed form of order presented,

IT IS HEREBY ORDERED that the parties shall revise the proposed form of order as required by this order, and shall submit the revised form of order to the court (via electronic filing) within 30 days of the date of this order.  Pending final entry of the Protective Order, the handling of confidential information exchanged during discovery shall be governed by the form of Protective Order submitted by the parties as it will be revised pursuant to this order.  The specific revisions to

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

be made to the form of Protective Order are as follows:

    1.    Paragraph 1 shall be revised to read:

> "This Protective Order shall govern and be applied to protect documents, materials, items or information that materially consist of information that is lawfully entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Information")."

    2.    The revised form of order shall provide for two levels of protection, "Confidential" and "Confidential – Attorneys Eyes Only." The revised form of order shall note that the "Confidential – Attorneys Eyes Only" level of protection is appropriate only for the most highly sensitive information, and is warranted only if "the potential injury is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer." *Doe v. Dist. of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983). The court expects the parties to use the "Confidential – Attorneys Eyes Only" designation sparingly. *See, e.g., THK America v. NSK Co., Ltd.,* 157 F.R.D. 637 (N.D. Ill. 1993) (revoking party's right to use "attorneys' eyes only" designation as sanction for bad faith overuse of that designation).[2]

    3.    The sentence starting at page 2, line 14 of the current proposed form of order, which begins "As a general guideline..." shall be omitted.

    4.    Lines 13-19 on page 5 of the current proposed form of order shall be revised to read substantially as follows:

> "chambers. If only portions of the document are sealable, a redacted version of the document shall be electronically filed in public record. Submitted Confidential Information and the accompanying Declaration shall be lodged with the Court but not filed with the Clerk of the Court pending the court's decision on the motion to file under seal. Lodged Confidential Information shall not be available for public inspection."

---

    [2]    Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential -- Attorneys' Eyes Only" puts an additional burden on the court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-designated.

ORDER, *page 2*

5. Lines 4-8 on page 7 of the current proposed form of order shall be revised to read substantially as follows:

> "the nonparty cannot be obtained, the party shall promptly notify the nonparty of: (a) the discovery request seeking the information; (b) the title, court and case number of this action; and (c) the terms of this Protective Order. Unless the nonparty files a motion for protection within 5 court days of such notification, the party in possession of the information shall comply with the discovery request, subject to any appropriate objections that the party asserts on its/her own behalf."

6. The first sentence of Paragraph 13 shall be revised to end with the word "error" (currently at page 7, line 11). (The remainder of that sentence creates an obligation that is not sufficiently clear and ascertainable, and thus creates a possibility of unwarranted disputes and motion work. The burden is on the designating party to use due care in designating its confidential documents.)

7. Paragraph 14 shall be omitted. (Nothing in Rule 26(c) authorizes a blanket order relieving counsel of the consequences of future failures to properly guard a client's privileged or work product documents. Issues regarding whether an inadvertent production of privileged or work product documents results in a waiver of privilege will be addressed on a case-by-case basis. *See, e.g., Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 331-32 (N.D.Cal. 1985).)

8. The revised form of order shall clarify that court personnel, who already have confidentiality obligations by virtue of their employment with the court, are not required to sign a copy of Exhibit A to the Protective Order (see Paragraph 15 of the current proposed form of order), nor return designated materials to counsel for the producing party (see Paragraph 22 of the current proposed form of order). Court personnel shall follow court procedures for disposition of designated materials. *See, e.g.,* Civil L.R. 79-5(f) ("The chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are made.")

9. Subsection (g) of Paragraph 20 (currently at page 10, lines 17-19) shall be omitted. It will be unnecessary once the form of order is revised to include a "Confidential –

Attorneys Eyes Only" level of protection.

10. The first line of Subsection (h) of Paragraph 20 (currently at page 10, line 20) shall be revised to read "prevent the designating party or nonparty from agreeing in writing"

11. The following shall be added to the end of the first sentence of Paragraph 23: "so long as it has not been disclosed in the public record."

12. Lines 15-22 on page 12 of the current proposed form of order shall be revised to read substantially as follows:

"material as Confidential Information and shall notify the person or entity seeking the Confidential Information of this Protective Order and the designation of the material sought. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to disobey a lawful subpoena, discovery request, court order or other legal process."

13. Paragraph 25 shall be revised to read:

"Before designating any specific information "Confidential" or "Confidential -- Attorneys Only," the designating party or nonparty and counsel shall make a good faith determination that the information or material warrants that level of protection under Rule 26(c) of the Federal Rules of Civil Procedure."

14. Paragraph 27 shall be omitted, as it is redundant in light of Paragraph 22.

15. The last line of Paragraph 28 (currently at page 13, line 8) shall be revised to read as follows: "Order by application to the Court on notice to all other parties to this litigation and any nonparty who has designated information or material pursuant to the terms of this Protective Order."

Dated: *2/2/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge